UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
RAYMOND TODD LININGER, :
: CASE NO. 3:08-CV-3006
Petitioner, :
:
v. : OPINION & ORDER
: [Resolving Doc. Nos. 1, 6, 10, & 13]
ROBERT WELCH, Warden, :
:
Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Raymond Todd Lininger petitions for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] Lininger seeks relief from the 26-year sentence that an Ohio state court imposed following his convictions for kidnapping, robbery, and felonious assault. Magistrate Judge George J. Limbert recommends that this Court deny Lininger's petition. [Doc. 10.] Lininger objects to that recommendation. [Doc. 13.] For the following reasons, the Court **ADOPTS** the magistrate judge's report and recommendation and **DENIES** Lininger's habeas petition.

In 2005, an Ohio jury convicted Lininger of two counts of aggravated robbery with firearm specifications, two counts of kidnapping with firearm specifications, and one count of negligent assault.

When Lininger was convicted, Ohio law dictated a sentence between three and ten years for first-degree felonies (like Lininger's robbery and kidnapping counts). Ohio Rev. Code Ann. § 2929.14(A)(1). Ohio law further provided, however, that "the court shall impose the shortest prison

Case No. 3:08-CV-3006
Gwin, J.

term authorized for the offense" unless either:

> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

*Id.* § 2929.14(B). Similarly, for a defendant convicted of multiple offenses, Ohio law allowed the court to impose consecutive (as opposed to concurrent) prison terms only "if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:"

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a [court-imposed] sanction . . . or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.* § 2929.14(E)(4).

After making findings under this statutory scheme to justify greater-than-minimum and consecutive sentences, the trial court sentenced Lininger to four years in prison for each robbery count, six years for each kidnapping count, and 60 days for the assault count, plus three years for each of the firearm specifications. [Doc. 6, Ex. 9.] The trial court ordered the sentences to run

Case No. 3:08-CV-3006
Gwin, J.

consecutively, except for the 60-day sentence on the assault count, which was to run concurrently. [Doc. 6, Ex. 9.]  Thus, Lininger received an aggregate sentence of 26 years.  [Doc. 6, Ex. 9.]

On direct appeal, the state appellate court vacated the trial court's sentence and remanded the case for resentencing in light of the Ohio Supreme Court's intervening decision in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006).  [Doc. 6, Ex. 13].  *Foster* held unconstitutional the portions of Ohio sentencing law that permitted harsher sentences on the basis of facts found by the sentencing judge, rather than the jury.  845 N.E.2d at 490.  As a remedy, *Foster* severed those offending portions of the sentencing law, giving trial courts discretion to impose any sentence within the statutory range without making findings.  *Id.* at 496-500.

On remand, the trial court resentenced Lininger to the same 26-year aggregate sentence that it had imposed before.  [Doc. 6, Ex. 14.]

Lininger, having exhausted his direct appeals, now asks this Court for habeas relief from that sentence.  [Doc. 1.]  He contends that the retroactive application of *Foster* to his resentencing—resulting in greater-than-minimum and consecutive sentences absent the findings required by Ohio Revised Code § 2929.14(B) and (E)—violated the *Ex Post Facto* Clause and the Due Process Clause.  [Doc. 13 at 4-5.]

Lininger's argument under the *Ex Post Facto* Clause fails.  As the Supreme Court has explained, that Clause is "'a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government.'"  Rogers v. Tennessee, 532 U.S. 451, 456 (2001) (citation omitted).

Of course, some restrictions on *ex post facto* judicial decisionmaking inhere in the Due

3

Case No. 3:08-CV-3006
Gwin, J.

Process Clause, *e.g.*, *id.*, and Lininger also seeks relief under that Clause. [Doc. 13 at 4-5.]

The problem with Lininger's argument is that *Foster* did not change the sentencing range in § 2929.14(A)(1). Pre-*Foster*, a defendant could get up to ten years for each first-degree felony, with prison terms for multiple convictions running consecutively. Post-*Foster*, the same ranges are possible. Thus, Lininger cannot complain that he did not receive "notice" or "fair warning" that his conduct might have resulted in the 26-year sentence he received. See *Rogers*, 532 U.S. at 459.

For that reason, every member of this Court to have considered an *ex post facto* challenge to the retroactive application of *Foster* has rejected it. See *McGhee v. Konteh*, No. 1:07CV1408, 2008 WL 320763 (N.D. Ohio Feb. 1, 2008) (Nugent, J.); *Lyles v. Jeffreys*, No. 3:07CV1315, 2008 WL 1886077, at *3, *8-*10 (N.D. Ohio Apr. 24, 2008) (Oliver, J.); *Cooper v. Hudson*, No. 3:07CV610, 2008 WL 2001282, at *9 n.8 (N.D. Ohio May 5, 2008) (Polster, J.); *Watkins v. Williams*, No. 3:07CV1296, 2008 WL 2484188, at *3-*4 (N.D Ohio June 17, 2008) (Adams, J.); *Keith v. Voorhies*, No. 1:06CV2360, 2009 WL 185765, at *11 (N.D. Ohio Jan. 23, 2009) (Lioi, J.); *McKitrick v. Smith*, No. 3:08CV597, 2009 WL 1067321, at *3 (N.D. Ohio Apr. 21, 2009) (Gaughan, J.); *Orwick v. Jackson*, Case No. 3:09CV0232, 2009 WL 4043352, at *4 (N.D. Ohio Nov. 20, 2009), (Boyko, J.); *Newsome v. Brunsman*, No. 1:08CV1938, 2010 WL 319792, at *3 (N.D. Ohio Jan. 20, 2010) (Zouhary, J.); *Ashley v. Gansheimer*, No. 1:08CV2556, 2010 WL 1924459, at *4-*5 (N.D. Ohio May 12, 2010) (O'Malley, J.).

Neither *Miller v. Florida*, 482 U.S. 423 (1987), nor *Bouie v. Columbia*, 378 U.S. 347 (1964), cited by Lininger, are to the contrary. *Miller* invalidated a legislative—not, as here, judicial—retroactive increase in the presumptive sentence for a crime. 482 U.S. at 425-27. As the

4

Case No. 3:08-CV-3006
Gwin, J.

Supreme Court has recognized, extending the more stringent *ex post facto* limits on legislative action to judicial action "would evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decisionmaking, on the other." *Rogers*, 532 U.S. at 460.

And *Bouie* invalidated the judicial application of a criminal statute to conduct thought to be legal when committed—not, as here, the judicial imposition of (supposedly) harsher punishment for conduct known to be criminal when committed. *See Bouie*, 378 U.S. at 354-55; *see also Rogers*, 532 U.S. at 459 ("[*Bouie*'s] rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning *as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct*. . . . [N]owhere in the opinion did we go so far as to incorporate jot-for-jot the specific categories of *Calder* [*v. Bull*, 3 U.S. 386, 390 (1798) (op. of Chase, J.)—including the *ex post facto* limitation on legislative increases in punishment for conduct known to be criminal when committed—]into due process limitations on the retroactive application of judicial decisions.") (emphasis added).

Thus, because Lininger has not shown that the retroactive application of *Foster* to his resentencing was contrary to or an unreasonable application of clearly established federal law, *see* 28 U.S.C. § 2254(d), the Court **DENIES** his habeas petition. The Court certifies, however, that an

Case No. 3:08-CV-3006
Gwin, J.

appeal from this decision could be taken in good faith and thus issues a certificate of appealability under 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.


Dated: June 23, 2010          s/ *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE